PER CURIAM.
 

 The former owner of an apartment complex alleged below that the contractor who built the complex breached various provisions of the construction contract, which created numerous, latent defects. The contractor set up the statute of limitations as a defense. The trial court entered summary judgment for the contractor, evidently accepting the contractor’s claim that no factual questions remained regarding when the former owner knew or should have known of the alleged, latent defects.
 
 See
 
 Fla. R. Civ. P. 1.510(c). We reverse.
 

 When the statute of limitations ran depends on when the former owner knew or should have known of the alleged latent defect(s) of which the former owner complains.
 
 See
 
 § 95.11(3)(c), Fla. Stat. (2003). Our examination of the recoi'd persuades us there are several factual questions that should have precluded summary judgment. Accordingly, we are compelled to reverse the entry of summary judgment in favor of the contractor, and remand for further proceedings.
 

 Reversed and remanded.
 

 KAHN, BENTON, and CLARK, JJ„ concur.